UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

PAULA KOHLHAPP,
      Appellant,

      v.

DEPARTMENT OF HOMELAND
     SECURITY,
      Agency.

DOCKET NUMBER
DE-0752-19-0202-I-2

DATE: October 11, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Georgia A. Lawrence</u>, Esquire, and <u>Shaun C. Southworth</u>, Esquire,
    Atlanta, Georgia, for the appellant.

<u>Michael L. Gurnee</u>, Esquire, Centennial, Colorado, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner recused himself and did not participate in the adjudication of this appeal.

**REMAND ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed her removal appeal as moot and found that she was not entitled to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

compensatory damages. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the Denver Field Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

The appellant was a Supervisory Immigration Services Officer with the agency's U.S. Citizenship and Immigration Services department at its Nebraska Service Center. *Kohlhapp v. Department of Homeland Security*, MSPB Docket No. DE-0752-19-0202-I-1, Initial Appeal File (IAF), Tab 7 at 12. On January 15, 2019, the agency proposed to remove her based on one charge of failure to follow instructions and one charge of lack of candor. *Id.* at 35-36. After the appellant submitted a written response, the deciding official sustained the charged misconduct and affirmed the penalty of removal. *Id.* at 13-15.

The appellant filed a Board appeal challenging her removal and alleging whistleblower retaliation and reprisal based on prior equal employment opportunity (EEO) activity. IAF, Tab 1, Tab 18 at 4-6. The administrative judge subsequently held a hearing. IAF, Tab 28, Tab 30. After the hearing, the agency informed the Board that it intended to rescind the removal action, expunge the associated documents from the appellant's record, and return her to work, thus rendering the appeal moot. IAF, Tab 33 at 4. The agency informed the Board that this process would take between 90 and 120 days to complete. *Id.* The administrative judge then dismissed the appeal without prejudice to refile pending the agency's restoration of the appellant to the status quo ante. IAF, Tab 38 at 1-4.

The appellant subsequently refiled her appeal alleging that she had not been restored to the status quo ante. *Kohlhapp v. Department of Homeland Security*, MSPB Docket No. DE-0752-19-0202-I-2, Appeal File (I-2 AF), Tab 1 at 3. The administrative judge ordered the appellant to show cause as to why the appeal

should not be dismissed as moot, and, after the parties responded, the administrative judge issued an initial decision dismissing the appeal as moot. I-2 AF, Tabs 4-6, Tab 9, Initial Decision (ID) at 1. Therein, the administrative judge found that the agency presented compelling reasons for not returning the appellant to an on-duty paid status, but rather placing her on administrative leave in a non-duty paid status pending a second removal action.[2] ID at 6-8. Accordingly, the administrative judge found that the agency otherwise returned the appellant to the status quo ante. ID at 8. The administrative judge then addressed the appellant's outstanding claims for damages based on whistleblower retaliation and reprisal for prior EEO activity, but found that the appellant failed to meet her burden as to both affirmative defenses. ID at 9-23.

The appellant has filed a petition for review, arguing that her appeal is not moot because the agency has failed to return her to the status quo ante.[3] Petition for Review (PFR) File, Tab 1 at 15. She further challenges the administrative judge's analysis regarding her affirmative defenses of whistleblower retaliation and reprisal for prior EEO activity. *Id.* at 15-16. The agency has responded to her petition for review. PFR File, Tab 3.

---

[2] The agency subsequently took a second removal action against the appellant, which she similarly appealed to the Board. *Kohlhapp v. Department of Homeland Security*, MSPB Docket No. DE-0752-20-0252-I-1. The administrative judge therein issued an initial decision affirming the agency's removal action. *Kohlhapp*, MSPB Docket No. DE-0752-20-0252-I-1, Initial Decision at 1 (Feb. 18, 2021). The second removal appeal is being addressed by the Board separately, and its outcome has no effect on the instant appeal.

[3] The appellant's petition for review here challenges both the instant mootness appeal and the second removal appeal. PFR File, Tab 1 at 4, 14. As the second removal appeal is being addressed separately, we only address the arguments concerning the mootness of her original appeal.

**DISCUSSION OF ARGUMENTS ON REVIEW**

<u>The administrative judge erroneously determined that the first removal appeal was moot.</u>

The Board's jurisdiction is determined by the nature of an agency's action at the time an appeal is filed with the Board. *Sredzinski v. U.S. Postal Service*, 105 M.S.P.R. 571, ¶ 4 (2007). An agency's unilateral modification of its adverse action after an appeal has been filed cannot divest the Board of jurisdiction unless the appellant consents to such divesture or unless the agency completely rescinds the action being appealed. *Id.* Thus, the Board may dismiss an appeal as moot if the appealable action is canceled or rescinded by the agency. *Id.* For an appeal to be deemed moot, the agency's rescission must be complete, i.e., the appellant must be returned to the status quo ante and not left in a worse position as a result of the cancellation than she would have been in if the matter had been adjudicated and she had prevailed. *Price v. U.S. Postal Service*, 118 M.S.P.R. 222, ¶ 8 (2012). If an appeal is not truly moot despite cancellation of the action under appeal, the proper remedy is for the Board to retain jurisdiction and to adjudicate the appeal on the merits. *Id.*

An agency does not return an employee to the status quo ante when it rescinds the appealed action and then, instead of returning the appellant to duty, places her on administrative leave pending a second proposed removal action. *See Sredzinski*, 105 M.S.P.R. 571, ¶ 8; *Hudson v. Department of Housing and Urban Development*, 54 M.S.P.R. 139, 142 (1992). However, an appeal may be considered moot notwithstanding the agency's refusal to return the appellant to duty status if the agency's refusal to do so is supported by a strong overriding interest. *See Sredzinski*, 105 M.S.P.R. 571, ¶ 8; *see also Shelton v. U.S. Postal Service*, 53 M.S.P.R. 483, 485 (1992) (finding that an agency's failure to restore an appellant to his former position must be supported by a strong overriding interest).

The administrative judge found that the agency demonstrated a compelling reason for not returning the appellant to her position of record based upon the agency's concerns about the appellant's conduct in that position and because of the pending second removal action. ID at 8. At the outset, we note that the agency did not affirmatively make this argument; rather, the agency merely submitted highlighted portions of its administrative leave policies. I-2 AF, Tab 6 at 94. Per the policies, the agency may place an employee in an administrative leave status when there is reasonable cause to believe the employee has committed a criminal offense, or "where there is a threat to employees or property (or information/databases)." *Id.* The agency has not shown that any of these situations are present here. Furthermore, the existence of a second pending removal, on its own, is not sufficient to establish a strong overriding interest. *See Sredzinski*, 105 M.S.P.R. 571, ¶ 8 (finding that an agency's placement of an appellant on administrative leave pending the resolution of a subsequent proposed removal, standing alone, was not sufficient to establish a strong overriding interest); *see also Noble v. Department of Justice*, 68 M.S.P.R. 524, 527 (1995) (determining that the appellant was not returned to the status quo ante when the agency placed him on administrative leave pending the outcome of a proposed removal action); *Hudson*, 54 M.S.P.R. at 139, 142; *Cf. Dalton v. Department of Justice*, 66 M.S.P.R. 429, 434 (1995) (finding compelling reasons for not returning an employee to duty status based on the agency's proffered concerns, in the form of an affidavit, about the appellant's possible sexual contacts with inmates and the agency's ongoing investigation). Further still, the agency did not place the appellant in an administrative leave status pending the outcome of the first proposed removal, which cuts against any argument regarding concerns about the appellant's conduct in her position. IAF, Tab 7 at 39; *see Rickels v. Department of the Treasury*, 42 M.S.P.R. 596, 603-04 (1989) (finding unpersuasive the agency's argument that the employee could not be trusted in his prior position when it did not place him in an administrative duty status pending

its removal action).  Accordingly, we find that the administrative judge erred in determining that the agency demonstrated a strong overriding interest in not returning the appellant to a duty status.

Although the administrative judge erred in finding that the agency had a strong overriding interest, the matter may now be moot because the agency removed the appellant a second time.  *Kohlhapp v. Department of Homeland Security*, MSPB Docket No. DE-0752-20-0252-I-1, Tab 1 at 30-34; *see Dellera v. Department of Housing and Urban Development*, 65 M.S.P.R. 636, 642 (1994) (finding that an appeal could still be dismissed as moot despite the possibly improper placement of an employee on administrative leave following rescission of a removal action because the agency had removed the employee a second time, precluding any effective relief), *aff'd*, 82 F.3d 434 (Fed. Cir. 1996) (Table) *and overruled on other grounds by Haskins v. Department of the Navy*, 106 M.S.P.R. 616 (2007).  However, the matter is not moot if the appellant lost overtime pay due to her improper placement on administrative leave.  *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105 (1997) (finding that an employee is entitled to recover any overtime or other lost pay she would have earned during a period of erroneously enforced administrative leave); *Rauccio v. U.S. Postal Service*, 44 M.S.P.R. 243, 245 (1990) (finding an appeal was not moot when the appellant was placed on administrative leave pending a new removal action and may not have received night differential pay during this administrative leave period).

The appellant asserted before the administrative judge that, during the period that she was placed on administrative leave pending the second removal, she was not allowed to earn overtime hours.  I-2 AF, Tab 5 at 16.  The administrative judge did not address this argument.  Because the agency did not refute the appellant's claimed entitlement to overtime pay or otherwise provide a full accounting of the appellant's back pay award, we must remand this appeal to address this matter.

Overtime back pay may be computed based on either the appellant's own overtime history or the average overtime hours worked by similarly situated employees during the relevant time period. *Rittgers v. Department of the Army*, 123 M.S.P.R. 31, ¶ 13 (2015). Although the appellant is not entitled to receive a windfall, she is entitled to be restored to the status quo ante, and the agency must use the method of computation most likely to achieve this goal. *Id.* The appellant additionally argued that her placement on administrative leave forced her to incur a cost associated with Microsoft Outlook due to her loss of access to her Government email or computer, and also that she was not allowed to receive a yearly bonus because her performance appraisal was delayed by her placement on administrative leave. I-2 AF, Tab 5 at 14.

On remand, the administrative judge should permit the parties to engage in discovery, as necessary, to address any pay lost as a result of the agency placing the appellant on administrative leave following rescission of its initial removal action. Because there remains a factual dispute as to whether the appellant has received all of the relief that she could have received if the matter had been adjudicated and she had prevailed, these matters must be addressed and resolved before the appeal can be dismissed as moot.

<u>We remand the appellant's affirmative defenses for further adjudication.</u>

In addition to the aforementioned issues regarding whether the agency returned the appellant to status quo ante sufficient to render the appeal moot, there remains the issue of the appellant's entitlement to damages based on both her claim of whistleblower retaliation and reprisal for prior EEO activity. *See Jenkins v. Environmental Protection Agency*, 118 M.S.P.R. 161, ¶ 13 (2012) (finding an appeal not moot when the appellant could obtain further relief based on her whistleblowing reprisal claim); *Harris v. Department of the Air Force*, 96 M.S.P.R. 193, ¶ 11 (2004) (finding rescission of an adverse action does not render an appeal moot when the appellant may be entitled to compensatory damages based on a claim of reprisal for prior EEO activity).

*The administrative judge erred in his analysis of the appellant's affirmative defense of whistleblower retaliation.*

To prevail on an affirmative defense of whistleblower reprisal, once the agency proves its adverse action case by a preponderance of the evidence, the appellant must demonstrate by preponderant evidence that she made a protected disclosure or engaged in protected activity and that the disclosure or activity was a contributing factor in the adverse action. *Shibuya v. Department of Agriculture*, 119 M.S.P.R. 537, ¶ 19 (2013). If the appellant establishes a protected disclosure or activity and contributing factor by preponderant evidence, then the burden of persuasion shifts to the agency to prove by clear and convincing evidence that it would have taken the same action in the absence of the appellant's protected disclosure or activity. 5 U.S.C. § 1221(e)(2); *Shibuya*, 119 M.S.P.R. 537, ¶ 32.

The appellant here alleged that she disclosed voucher fraud to the agency's Office of Inspector General (OIG), disclosed to the OIG, Office of Special Counsel (OSC), and the agency's Office of Security and Integrity (OSI) that the proposing official engaged in inappropriate nepotism, and disclosed wrongdoing by her ex-husband to various OIGs. PFR File, Tab 1 at 15-16. The administrative judge found that, as part of her prima facie burden of proof, the appellant sufficiently demonstrated that she had made protected disclosures and engaged in protected activity. ID at 9-13. The parties do not challenge these findings on review, and we decline to disturb them. The administrative judge nonetheless found that the appellant failed to establish that her whistleblowing was a contributing factor in the agency's removal action. ID at 14-19. The appellant challenges this finding, arguing that the proposing and deciding officials had both actual and constructive knowledge of her whistleblowing in close proximity to the agency's adverse action. PFR File, Tab 1 at 15-16.

An employee may demonstrate that a disclosure was a contributing factor in a personnel action through circumstantial evidence, such as evidence that the official taking the personnel action knew of the disclosure, and that the personnel

action occurred within a period of time such that a reasonable person could conclude that the disclosure was a contributing factor in the personnel action. *Chambers v. Department of the Interior*, 116 M.S.P.R. 17, ¶ 25 (2011). Moreover, an appellant can show that a disclosure was a contributing factor in a personnel action by proving that the official taking the action had constructive knowledge of the protected disclosure. *Dorney v. Department of the Army*, 117 M.S.P.R. 480, ¶ 11 (2012). An appellant may establish constructive knowledge by demonstrating that an individual with actual knowledge of the disclosure influenced the official accused of taking the retaliatory action. *Id.* The U.S. Supreme Court has adopted the term "cat's paw" to describe a case in which a particular management official, acting because of an improper animus, influences an agency official who is unaware of the improper animus when implementing a personnel action. *Id.*

The appellant alleged that the proposing official in the first removal action was the cat's paw. PFR File, Tab 1 at 15. On review, the appellant alleged that the proposing official had actual knowledge of her whistleblowing prior to proposing her removal, including her disclosure from 2013 or 2014 to the agency's OIG regarding voucher fraud by a union official, her 2018 disclosure regarding her ex-husband to various OIGs, as well as her separate disclosures to the OIG, OSC, and the agency's OSI alleging that the proposing official engaged in inappropriate nepotism. *Id.* at 15-16. The administrative judge did not make a finding as to whether the proposing official had actual knowledge of these disclosures and activities prior to the proposed removal. Rather, the administrative judge found that the proposing official's role was "ministerial," and thus she could not have influenced the deciding official. ID at 18-19. In support of this finding, the administrative judge noted that the proposing official played no role in initiating the OSI investigation that led to the removal action. *Id.* We find that this was erroneous.

Regardless of whether the proposing official played a role in initiating the investigation that led to the agency's removal action, she nonetheless determined both of the charges to levy against the appellant and the penalty to be proposed. IAF, Tab 7 at 35-38. As such, the proposing official played more than a ministerial role in the agency's action, and her knowledge of the appellant's whistleblowing could have influenced the deciding official. *See Chambers*, 116 M.S.P.R. 17, ¶ 58 (noting that a proposing official's strong motive to retaliate may be imputed to a deciding official).

On remand, the administrative judge must make findings regarding whether the proposing official had actual knowledge of the appellant's whistleblowing, and therefore whether the deciding official had constructive knowledge of the whistleblowing. In this regard, the appellant testified that she had discussed her nepotism claim "for years" with numerous agency individuals, including directly with the proposing official, as well as with the Chief of Staff who initiated the OSI investigation that led to the agency's removal action. IAF, Tab 7 at 54-56; Tab 30, Hearing Compact Disc (HCD) 2, File 4 at 41:00 (testimony of the appellant). The appellant further testified that she specifically told the proposing official about her 2018 disclosures to various OIGs regarding her ex-husband. HCD2, File 4 at 42:10 (testimony of the appellant). As discussed above, the administrative judge made no findings as to whether the proposing official had any knowledge of these disclosures prior to issuing the proposed removal. Should the administrative judge find such constructive knowledge on remand, he must then determine whether the agency has proven by clear and convincing evidence that it would have taken the adverse action in the absence of the appellant's whistleblowing.

*The administrative judge erred in his analysis of the appellant's affirmative defense of reprisal for prior EEO activity.*

The administrative judge found that, although the deciding official was vaguely aware of the appellant's EEO activity, there was insufficient evidence to

demonstrate any animus or motive to retaliate against the appellant. ID at 22. For the same reasons set forth in his analysis of the appellant's whistleblower retaliation affirmative defense, the administrative judge similarly found that the proposing official did not influence the deciding official. ID at 22-23. The appellant on review challenges this analysis, again arguing that the proposing official was the cat's paw. PFR File, Tab 1 at 12, 15-16.

Following issuance of the initial decision, the Board has clarified the standard appropriate in cases of reprisal for protected activity based upon her disability, which are protected under the Rehabilitation Act. *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 44-47. The Board has recognized that a more stringent standard applies in the context of retaliation claims arising under the Rehabilitation Act, such that the appellant must prove that her prior EEO activity was a "but-for" cause of the retaliation. *Id*.

The appellant here alleges that she filed EEO complaints in which she complained of disability discrimination. IAF, Tab 18 at 5-6. Specifically, she alleges that she has filed numerous EEO complaints against the proposing official, in 2008 and 2011, in which the proposing official was involved in mediation. IAF, Tab 23 at 17. Moreover, in October 2018, the appellant contacted an agency EEO counselor, and on December 10, 2018, the appellant filed a formal EEO complaint against the proposing official. *Id.* at 10-26. On December 17, 2018, the appellant informed both the proposing and deciding officials that she had filed a formal EEO complaint alleging reprisal and a hostile work environment. IAF, Tab 24 at 46. Less than 1 month later, on January 15, 2019, the agency proposed her removal. IAF, Tab 7 at 35. The administrative judge's failure to consider the proposing official's knowledge of the appellant's numerous EEO complaints specifically against her, and the short proximity between the December 2018 EEO complaint and the proposed removal, was erroneous. *See Naval Station Norfolk-Hearing 2 v. Department of the Navy*, 123 M.S.P.R. 144, ¶ 30 (2016) (noting that an individual's role in the

decision-making process that leads to an adverse action cannot be ignored in considering a claim of discrimination). Accordingly, on remand the administrative judge must consider these issues and any applicable evidence in addressing the appellant's affirmative defense. As set forth above, the administrative judge must apply the "but-for" causation standard in analyzing the appellant's claims of retaliation for her prior protected activity under the Rehabilitation Act.

## ORDER

For the reasons discussed above, we remand this case to the Denver Field Office for further adjudication in accordance with this Remand Order.[4]

FOR THE BOARD:                    _____
                                 Gina K. Grippando
                                 Clerk of the Board
Washington, D.C.

---

[4] In the remand initial decision, the administrative judge may reincorporate prior findings as appropriate, consistent with this Remand Order.